UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

D-1 ROY M. BAILEY,
D-2 ANTONIO IVEZAJ,
D-3 TALAL KHALIL CHAHINE,
D-4 MOHAMAD ARZOUNI,
D-5 MOHAMMAD BAZZI,

        Defendants.

_____/

Criminal Case No. 07-20327

HONORABLE VICTORIA A. ROBERTS

VIOLATIONS:
18 U.S.C. § 201
(Public Official Accepting Bribe)
18 U.S.C. § 371
(Conspiracy)
18 U.S.C. § 1951
(Extortion by Public Official)
18 U.S.C. § 4
(Misprision of Felony)

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

**A.    INTRODUCTION**

1.    In or about October of 1987, ROY M. BAILEY was appointed as a Special Agent with the Immigration and Naturalization Service ("INS") assigned to the INS district office in Detroit, Michigan. As an INS Special Agent, ROY M. BAILEY was charged with the investigation of criminal and administrative violations of the Immigration and Nationality Act of the United States, and related federal criminal offenses.

2.    In or about March of 1999, ROY M. BAILEY was appointed as the Supervisory Deportation Officer for the INS district office in Detroit, Michigan. In or about August of 1999,

ROY M. BAILEY was appointed as Assistant District Director for the INS district office in Detroit, Michigan. As the Supervisory Deportation Officer and, thereafter, as the Assistant District Director, ROY M. BAILEY supervised the custody and transportation of immigration aliens pending the completion of their deportation proceedings and removal from the United States.

3.     In March of 2003, pursuant to the Homeland Security Act of 2002, the relevant duties and responsibilities of the Immigration and Naturalization Service were transferred to the Department of Homeland Security - Immigration and Customs Enforcement ("DHS-ICE") and U.S. Citizenship and Immigration Services ("CIS").

4.     In March of 2003, ROY M. BAILEY was appointed as the acting Field Office Director for Detention and Removal Operations for the DHS-ICE field office in Detroit, Michigan. As the acting Field Office Director for Detention and Removal Operations, ROY M. BAILEY supervised the custody and transportation of immigration aliens pending the completion of their deportation proceedings and removal from the United States.

5.     In his capacity as the INS Assistant District Director and Supervisory Deportation Officer, and thereafter, as the DHS-ICE Field Office Director for Detention and Removal Operations, ROY M. BAILEY was further responsible for the detention, safety and care of all immigration detainees held in custody at the INS/DHS-ICE Monroe County Detention Facility located in Monroe County, Michigan.

6.     At all times relevant to this indictment, ANTONIO IVEZAJ, also known as Tony Ivezaj, was a criminal alien subject to a final Order of Deportation from the United States. In or

2

about June of 1998, ANTONIO IVEZAJ incorporated the business TMI Construction Company located in Ferndale, Michigan.

7.    At all times relevant to this indictment, TALAL KHALIL CHAHINE was the owner and operator of the La Shish restaurant chain with multiple locations in and around the metropolitan area of Detroit, Michigan.

8.    At all times relevant to this indictment, MOHAMAD ARZOUNI was an employee of the La Shish restaurant business.

9.    At all times relevant to this indictment, MOHAMMAD BAZZI was a relative of TALAL KHALIL CHAHINE.  At various times between in or about 2001 and in or about 2005, MOHAMMAD BAZZI was an employee of the La Shish restaurant business.

## COUNT ONE

### (18 U.S.C. § 201 -- Public Official Accepting Bribes)

### D-1 ROY M. BAILEY,
### D-2 ANTONIO IVEZAJ.

1.    The General Allegations are incorporated by reference as if set forth in full herein.

2.    Beginning in 1999 and continuing through 2003, in the Eastern District of Michigan, defendant ROY M. BAILEY, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept things of value, that is, in excess of $5,000.00 in funds and free residential construction services from and on behalf of ANTONIO IVEZAJ, in return for and with the intent of being influenced in the performance of an official act and being influenced to act or omit to do an act, in violation of his official duty, that is, to release

3

ANTONIO IVEZAJ from the custody of the Immigration and Naturalization Service pending

ANTONIO IVEZAJ's deportation and removal from the United States.

All in violation of Title 18, United States Code, Section 201.

## COUNT TWO

### (18 U.S.C. §§ 201 and 371- Conspiracy to Commit Bribery)

### D-1 ROY M. BAILEY,
### D-2 ANTONIO IVEZAJ.

1.      The General Allegations are incorporated by reference as if set forth in full herein.

2.      Beginning in 2000 and continuing through 2003, in the Eastern District of

Michigan, and elsewhere, ROY M. BAILEY and ANTONIO IVEZAJ, defendants herein, did

conspire and agree with one another and with other persons, both known and unknown to the

Grand Jury, to violate the laws of the United States, to wit, bribery of a public official by

corruptly demanding, seeking, receiving, accepting, and agreeing to receive and accept things of

value in return for and with the intent of being influenced in the performance of one or more

official acts.

### OVERT ACTS

3.      In executing the conspiracy alleged in Paragraph Two, one or more of the

defendants committed the following acts.

4.      In or about July and August of 2003, ANTONIO IVEZAJ demanded, sought,

received and accepted and agreed to accept the sum of $50,000.00 in funds, paid by and on

behalf of an individual hereafter identified as "Gjon C." who was then in the custody of the office

4

of Detention and Removal Operations of Immigration and Customs Enforcement, formerly

known as the Immigration and Naturalization Service.

5.    In August of 2003, ROY M. BAILEY released and caused to be released Gjon C.

from the custody of the office of Detention and Removal Operations of Immigration and

Customs Enforcement, formerly known as the Immigration and Naturalization Service.

All in violation of Title 18, United States Code, Sections 201 and 371.

## COUNT THREE

### (18 U.S.C. § 1951 - Conspiracy to Commit
### Extortion by a Public Official)

**D-1 ROY M. BAILEY,**
**D-3 TALAL KHALIL CHAHINE.**

1.    The General Allegations are incorporated by reference as if set forth in full herein.

2.    From in or about 1999 and continuing until or after August of 2003, said dates

being approximate, in the Eastern District of Michigan, and elsewhere, defendants ROY M.

BAILEY and TALAL KHALIL CHAHINE conspired and agreed with one another, and with

other persons, both known and unknown to the grand jury, to obstruct, delay and affect

commerce and the movement of articles and commodities in commerce, by extortion, that is, by

obtaining the property of another, with his consent, under color of official right.

### OVERT ACTS

3.    In executing the conspiracy alleged in Paragraph Two, one or more of the

defendants did the following overt acts:

5

4.    In July of 1999, ROY M. BAILEY traveled to a location in Dearborn, Michigan to confront an individual identified hereafter as "Bahaalzin A," a citizen of Iraq who had been admitted to the United States as a permanent resident.

5.    In July of 1999, TALAL KHALIL CHAHINE obtained in excess of $10,000.00 in funds from Bahaalzin A, with the consent of Bahaalzin A.

6.    In July of 2003, ROY M. BAILEY traveled to a location in Troy, Michigan to confront an individual identified hereafter as "H. Bazzi," a citizen of Lebanon who had been admitted to the United States as a permanent resident.

7.    In July and August of 2003, TALAL KHALIL CHAHINE obtained funds and real property valued in excess of $250,000.00 from H. Bazzi and from the family of H. Bazzi, with the consent of H. Bazzi and with the consent of the family of H. Bazzi.

8.    In July of 2003, TALAL KHALIL CHAHINE traveled from the United States to the country of Lebanon to obtain funds and real property from the family of H. Bazzi, with the consent of the family of H. Bazzi.

All in violation of Title 18, United States Code, Section 1951.

### COUNT FOUR

### (18 U.S.C. § 371 - Conspiracy to Defraud the United States)

**D-1 ROY M. BAILEY,**
**D-3 TALAL KHALIL CHAHINE,**
**D-4 MOHAMAD ARZOUNI,**
**D-5 MOHAMMAD BAZZI.**

1.    The General Allegations are incorporated by reference as if set forth in full herein.

6

2.      From in or about September of 1999 until in or about June of 2003, said dates being approximate, in the Eastern District of Michigan, and elsewhere, defendants ROY M. BAILEY, TALAL KHALIL CHAHINE, MOHAMAD ARZOUNI and MOHAMMAD BAZZI conspired and agreed with one another, and with other persons, both known and unknown to the grand jury, to defraud the United States and one or more of its agencies and departments, that is, to hamper, hinder, impede, impair and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the Immigration and Naturalization Service and, thereafter, U.S. Citizenship and Immigration Services, in bestowing immigration benefits under, and otherwise administering, the Immigration and Nationality Act of the United States.

## OVERT ACTS

3.      In executing the conspiracy alleged in Paragraph Two, one or more of the defendants did the following overt acts.

4.      On or about September 17, 1999, MOHAMAD ARZOUNI entered into a fraudulent marriage with an individual hereafter referred to as "Priscilla T." solely for the purpose of evading the immigration laws of the United States.

5.      On or about November 3, 2000, MOHAMMAD BAZZI entered into a fraudulent marriage with an individual hereafter referred to as "Kathleen A." solely for the purpose of evading the immigration laws of the United States.

6.      On or about January 12, 2000, MOHAMAD ARZOUNI filed an Application to Register Permanent Residence or Adjust Status, Form I-485, with the Immigration and Naturalization Service, based upon the fraudulent marriage with Priscilla T.

7

7.     On or about January 19, 2001, MOHAMMAD BAZZI filed an Application to Register Permanent Residence or Adjust Status, Form I-485, with the Immigration and Naturalization Service, based upon the fraudulent marriage with Kathleen A.

8.     On and before March 19, 2001, ROY M. BAILEY provided false and fraudulent information to a District Adjudication Officer with the Immigration and Naturalization Service in Detroit, Michigan in order to cause the approval of the Application to Register Permanent Residence or Adjust Status, Form I-485 filed by MOHAMAD ARZOUNI.

9.     On or about February 26, 2003, MOHAMAD ARZOUNI filed a Petition to Remove the Conditions on Residence, Form I-751, with the Immigration and Naturalization Service based upon the fraudulent marriage with Priscilla T.

All in violation of Title 18, United States Code, Section 371.

## COUNT FIVE

### (18 U.S.C. § 4- Misprision of Felony)

### D-1 ROY M. BAILEY

1.     The General Allegations are incorporated by reference as if set forth in full herein.

2.     From approximately May of 2000 and continuing through in and after February of 2004, in the Eastern District of Michigan, and elsewhere, defendant ROY M. BAILEY, having knowledge of the actual commission of a felony cognizable by a court of the United States, that is, an officer or employee of the United States converting property of another, resulting in the wrongful theft of more than $300,000.00 in U.S. currency from immigration aliens kept in the custody of INS and DHS-ICE, in violation of Title 18, United States Code, Section 654, did

8

conceal the same by false and misleading statements and intimidation, and did not, as soon as possible, make known the same to some judge or other person in civil or military authority under the United States.

All in violation of Title 18, United States Code, Section 4.

## COUNT SIX

### (18 U.S.C. §§ 201 and 371- Conspiracy to Commit Bribery)

**D-1 ROY M. BAILEY.**

1.      The General Allegations are incorporated by reference as if set forth in full herein.

2.      Beginning in 2000 and continuing through 2006, in the Eastern District of Michigan, ROY M. BAILEY, defendant herein, did conspire and agree with a private immigration attorney referred to hereafter as "Namir D.," and with other persons, both known and unknown to the Grand Jury, to violate the laws of the United States, to wit, bribery of a public official by corruptly demanding, seeking, receiving, accepting, and agreeing to receive and accept things of value in return for and with the intent of being influenced in the performance of one or more official acts.

### OVERT ACTS

3.      In executing the conspiracy alleged in Paragraph Two, the defendant committed the following acts.

9

4.      In or about October of 2001, ROY M. BAILEY demanded, sought, received and
accepted and agreed to accept the sum of $1,500.00 in funds, paid by Namir D. for and on behalf
of ROY M. BAILEY to a private attorney who was then representing ROY M. BAILEY.

5.      In September of 2002, ROY M. BAILEY failed to deport a client of Namir D.,
referred to hereafter as "B. Farraj," who was then subject to a Final Order of Deportation from
the Immigration and Naturalization Service. In October of 2002, ROY M. BAILEY authorized
the release of B. Farraj, who was then in the custody of the office of the Immigration and
Naturalization Service.

6.      In or about August and September of 2003, ROY M. BAILEY demanded, sought,
received and accepted and agreed to accept landscaping services valued at more than $500.00
from a client of Namir D. which landscaping services were performed at a private residence
belonging to ROY M. BAILEY located in Romulus, Michigan.

7.      In September of 2003, ROY M. BAILEY adjusted and caused to be adjusted the
conditions of release for a client of Namir D. referred to hereafter as "A. Toma" who was then
under the supervision of the office of Detention and Removal Operations of U.S. Immigration
and Customs Enforcement, formerly known as the Immigration and Naturalization Service.

8.      In October of 2003, ROY M. BAILEY failed to deport a client of Namir D.,
referred to hereafter as "N. Younan," who was subject to deportation and removal by U.S.
Immigration and Customs Enforcement, formerly known as the Immigration and Naturalization
Service.

All in violation of Title 18, United States Code, Sections 201 and 371.

10

**COUNT SEVEN**
**(18 U.S.C. § 371 - Conspiracy to Defraud the United States)**

**D-1 ROY M. BAILEY.**

1.     The General Allegations are incorporated by reference as if set forth in full herein.

2.     From in or about 2000 until in or about February of 2004, said dates being approximate, in the Eastern District of Michigan, and elsewhere, ROY M. BAILEY, defendant herein, conspired and agreed with a private immigration attorney identified hereafter as "Namir D.," and with other persons, both known and unknown to the grand jury, to defraud the United States and one or more of its agencies and departments, that is, to hamper, hinder, impede, impair and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the Immigration and Naturalization Service and, thereafter, U.S. Immigration and Customs Enforcement and U.S. Citizenship and Immigration Services, in bestowing immigration benefits under, and otherwise administering, the Immigration and Nationality Act of the United States.

## OVERT ACTS

3.     In executing the conspiracy alleged in Paragraph Two, the defendant committed the following overt acts.

4.     In September and October of 2000, ROY M. BAILEY allowed for the release of a client of Namir D. referred to hereafter as "S. Kriko," who was then in the custody of the Immigration and Naturalization Service.

11

5.      In or about October of 2001, ROY M. BAILEY demanded, sought, received and accepted and agreed to accept the sum of $1,500.00 in funds, paid by Namir D. for and on behalf of ROY M. BAILEY to a private attorney who was then representing ROY M. BAILEY.

6.      In September and October of 2002, ROY M. BAILEY failed to deport a client of Namir D., referred to hereafter as "B. Farraj," who was then subject to a Final Order of Deportation from the Immigration and Naturalization Service. Thereafter, ROY M. BAILEY authorized the release of B. Farraj, who was then in the custody of the office of the Immigration and Naturalization Service.

7.      In or about August and September of 2003, ROY M. BAILEY demanded, sought, received and accepted and agreed to accept landscaping services valued at more than $500.00 from a client of Namir D. which landscaping services were performed at a private residence belonging to ROY M. BAILEY located in Romulus, Michigan.

8.      In September of 2003, ROY M. BAILEY adjusted and caused the adjustment of the conditions of release for a client of Namir D. referred to hereafter as "A. Toma" who was then under the supervision of the office of Detention and Removal Operations of Immigration and Customs Enforcement, formerly known as the Immigration and Naturalization Service.

9.      In October of 2003, ROY M. BAILEY failed to deport a client of Namir D., referred to hereafter as "N. Younan," who was subject to deportation and removal by U.S. Immigration and Customs Enforcement, formerly known as the Immigration and Naturalization Service.

12

10.     In November of 2003, ROY M. BAILEY transferred and caused the transfer of a client of Namir D., referred to hereafter as "Hadir S." who was then in the custody of Detention and Removal Operations of Immigration and Customs Enforcement, formerly known as the Immigration and Naturalization Service.

All in violation of Title 18, United States Code, Section 371.

## COUNT EIGHT

### (18 U.S.C. §§ 201 and 371- Conspiracy to Commit Bribery)

**D-1 ROY M. BAILEY.**

1.     The General Allegations are incorporated by reference as if set forth in full herein.

2.     Beginning in 1999 and continuing through 2004, in the Eastern District of Michigan, ROY M. BAILEY, defendant herein, did conspire and agree with a local business owner, referred to hereafter as "Samir L.," and with other persons, both known and unknown to the Grand Jury, to violate the laws of the United States, to wit, bribery of a public official by corruptly demanding, seeking, receiving, accepting, and agreeing to receive and accept things of value in return for and with the intent of being influenced in the performance of one or more official acts.

### OVERT ACTS

3.     In executing the conspiracy alleged in Paragraph Two, the defendant committed the following acts.

13

4.      Between 1999 and 2004, ROY M. BAILEY accepted and received cash and casino chips from Samir L. at casinos located in Windsor, Ontario, Atlantic City, New Jersey and Las Vegas, Nevada, with a total value of over $5,000.00.

5.      Between 1999 and 2003, ROY M. BAILEY accepted and received jewelry, alcohol and clothing from Samir L. with a total value of over $500.00.

6.      Between 1999 and 2004, ROY M. BAILEY accepted and received hundreds of free meals at one of several restaurants owned by Samir L., with a total value of over $5,000.00.

7.      In or about October of 2000, ROY M. BAILEY knowingly allowed an associate of Samir L., hereafter referred to as "Hanadi H." to enter from Syria into the United States based upon a false and fraudulent non-immigrant visa application.

8.      In or about January of 2001, ROY M. BAILEY knowingly allowed H. Hanadi to adjust her status as a lawful resident of the United States based upon a false and fraudulent application filed with the Immigration and Naturalization Service.

9.      In or about 2002, ROY M. BAILEY accepted a firearm from Samir L. at a location in Windsor, Ontario. At the request of Samir L., ROY M. BAILEY transported the firearm from Canada into the United States and, thereafter, returned the firearm to the possession of Samir L.

10.     In or about January of 2005, ROY M. BAILEY knowingly allowed Hanadi H. to permanently adjust her status as a lawful resident of the United States based upon a false and fraudulent petition filed with U.S. Citizenship and Immigration Services, formerly known as the Immigration and Naturalization Service.

14

All in violation of Title 18, United States Code, Sections 201 and 371.

## COUNT NINE
### (18 U.S.C. § 371 - Conspiracy to Defraud the United States)

### D-1 ROY M. BAILEY.

1.      The General Allegations are incorporated by reference as if set forth in full herein.

2.      From in or about 2000 until in or about February of 2005, said dates being
approximate, in the Eastern District of Michigan, and elsewhere, ROY M. BAILEY, defendant
herein, conspired and agreed with a local business owner identified hereafter as "Samir L.," and
with other persons, both known and unknown to the grand jury, to defraud the United States and
one or more of its agencies and departments, that is, to hamper, hinder, impede, impair and
obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the
Immigration and Naturalization Service and, thereafter, U.S. Citizenship and Immigration
Services, and U.S. Immigration and Customs Enforcement, in bestowing immigration benefits
under, and otherwise administering, the Immigration and Nationality Act of the United States and
other statutes.

### OVERT ACTS

3.      In executing the conspiracy alleged in Paragraph Two, the defendant committed
the following overt acts.

4.      Between 1999 and 2004, ROY M. BAILEY accepted and received cash and
casino chips from SamirL. at casinos located in Windsor, Ontario, Atlantic City, New Jersey and
Las Vegas, Nevada, with a total value of over $5,000.00.

15

5.      Between 1999 and 2003, ROY M. BAILEY accepted and received jewelry, alcohol and clothing from Samir L. with a total value of over $500.00.

6.      Between 1999 and 2004, ROY M. BAILEY accepted and received hundreds of free meals at one of several restaurants owned by Samir L., with a total value of over $5,000.00.

7.      In or about October of 2000, ROY M. BAILEY knowingly allowed an associate of Samir L., hereafter referred to as "Hanadi H.," to enter from Syria into the United States based upon a false and fraudulent non-immigrant visa application.

8.      In or about January of 2001, ROY M. BAILEY knowingly allowed Hanadi H. to adjust her status as a lawful resident of the United States based upon a false and fraudulent application filed with the Immigration and Naturalization Service.

9.      In or about 2002, ROY M. BAILEY accepted a firearm from Samir L. at a location in Windsor, Ontario. At the request of Samir L., ROY M. BAILEY transported the firearm from Canada into the United States and, thereafter, returned the firearm to the possession of Samir L.

10.     In or about January of 2005, ROY M. BAILEY knowingly allowed Hanadi H. to permanently adjust her status as a lawful resident of the United States based upon a false and

16

fraudulent petition filed with U.S. Citizenship and Immigration Services, formerly known as the

Immigration and Naturalization Service.

All in violation of Title 18, United States Code, Section 371.

THIS IS A TRUE BILL.

s/FOREPERSON

STEPHEN J. MURPHY
United States Attorney


s/LYNN HELLAND
Assistant United States Attorney
Chief, Special Prosecutions Unit


s/BRUCE C. JUDGE
Assistant United States Attorney


Dated: September 26, 2007

17

| United States District Court Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number** 07-20327 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes        X No | **AUSA's Initials:** _Bcj_ |

**Case Title:** USA v.  Roy M. Bailey, et al.

**County where offense occurred :** Wayne and Oakland Counties

**Check One:**        **X Felony**              ☐ **Misdemeanor**              ☐ **Petty**

____Indictment/____Information --- **no prior complaint.**

____Indictment/____Information --- based upon prior complaint [Case number: ]

__X__Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below].*

**Superseding Case Information**

Superseding to Case No:    07-20327                **Judge:**  **Victoria A. Roberts**

☐  Original case was terminated; no additional charges or defendants.
☐  Corrects errors; no additional charges or defendants.
☐  Involves, for plea purposes, different charges or adds counts.
X  Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** |
|---|---|

Roy Bailey --  Count Six: 18 U.S.C. §§ 201 and 371 - Conspiracy to Commit Bribery

Roy Bailey -- Count Seven: 18 U.S.C. § 371- Conspiracy to Defraud the United States

Roy Bailey --  Count Eight: 18 U.S.C. §§ 201 and 371 - Conspiracy to Commit Bribery

Roy Bailey --  Count Nine: 18 U.S.C. § 371- Conspiracy to Defraud the United States

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

September 26, 2007
Date

BRUCE C. JUDGE
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9122
Fax: (313) 226-3413
E-Mail address: Bruce.Judge@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04